IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| META PLATFORMS, INC.,<br><br>              Plaintiff,<br><br>    v.<br><br>THE FEDERAL TRADE COMMISSION,<br><br>– and –<br><br>LINA M. KHAN, REBECCA KELLY SLAUGHTER, and ALVARO BEDOYA, in their official capacities as Commissioners of the Federal Trade Commission,<br><br>              Defendants. | Case No. 1:23-cv-03562-RDM |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff Meta Platforms, Inc. ("Meta") respectfully requests leave of the Court to submit a limited surreply to Defendants' Motion to Dismiss (Dkt. 18). Meta's proposed surreply is attached as Exhibit A. In it, Meta responds to Defendants' (the "Commission" or "FTC") argument, raised for the first time on reply, that Meta is not entitled to injunctive relief for its Article II claim because the Federal Trade Commission Act's restrictions on the President's authority to remove Commissioners can instead be severed. (Dkt. 22 at 10–11.)

The surreply will be "helpful to the adjudication" of the Commission's Motion to Dismiss because it will give the Court the benefit of *both* sides' arguments on the issue. *Plunkett v. DOJ*, 249 F. Supp. 3d 73, 75 n.2 (D.D.C. 2017). In addition, good cause exists to grant Meta's request because, without leave to surreply, Meta will suffer prejudice in being "unable to contest [the] matters presented to the [C]ourt for the first

time" in the reply, other than during the limited time allotted for the upcoming oral argument. *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

The Commission provides no excuse for its failure to make its argument concerning severability of the protections against removal in its opening brief on the Motion to Dismiss. That is particularly striking because the Commission's opening brief also served as its brief in opposition to Meta's Motion for Preliminary Injunction, in which Meta seeks the injunctive relief that the Commission challenges in its untimely argument. (*See generally* Dkt. 18.) Indeed, it appears that Commission's severability arguments are, at least in part, aimed at Meta's motion for preliminary injunction—which would mean that the arguments were raised for the first time on *surreply*. (Dkt. 22 at 3–4 & n.2. ("[T]he Court need not decide *now* precisely how it would sever the statute or how broad a declaratory judgment would be, only that Meta is not entitled to its requested injunction.") (emphasis in original).

Moreover, Meta first advanced its Article II claim in *United States v. Facebook, Inc.*, No. 1:19-cv-2184 (D.D.C. July 24, 2019), in which the Department of Justice, on behalf of the Commission, completely failed to raise severability of the protections against removal in opposition to Meta's requested injunctive relief. *See Facebook*, No. 1:19-cv-2184 (ECF #49) *passim*. As a result, there has been no previous indication to Meta that the Commission would argue severability. *See Edelman v. SEC*, 239 F. Supp. 3d 45, 54 n.5 (D.D.C. 2017) (Moss, J.) (permitting surreply for novel argument).

A response is warranted here because the Commission's argument challenges one of Meta's requested forms of relief on one of Meta's claims. As such, Meta should be

2

given the opportunity to fully address the issue and explain why the Commission's argument is incorrect.

Finally, the Commission will not be prejudiced should the Court grant Meta's requested relief. This case will benefit from the Court having a chance to hear both sides' arguments on the issues addressed in the proposed surreply.

## MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7(m), undersigned counsel for Meta, on January 17, 2024, met and conferred by email with counsel representing the Commission about the instant motion. The Commission responded that it does not oppose the surreply on the condition that the Commission also be permitted to file a sur-sur-reply, which Meta would oppose.

Dated: January 18, 2024

    Respectfully submitted,

    */s/ James P. Rouhandeh*_____

    James P. Rouhandeh (DDC Bar No. NY0390)
    Michael Scheinkman (DDC Bar No. NY0381)
    David B. Toscano (D.C. Bar No. 453126)
    John A. Atchley III
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, NY 10017
    TEL: (212) 450-4000
    rouhandeh@davispolk.com
    michael.sheinkman@davispolk.com
    david.toscano@davispolk.com
    john.atchley@davispolk.com

    Paul J. Nathanson (DDC Bar No. 982269)
    DAVIS POLK & WARDELL LLP
    901 15th St., NW
    Washington, DC 20005
    TEL: (202) 962-7000
    paul.nathanson@davispolk.com

    *Attorneys for Plaintiff Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 18, 2024, the Motion, the accompanying surreply, and proposed order were served on Defendants by CM/ECF.

By: */s/ James P. Rouhandeh*
James P. Rouhandeh