# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| META PLATFORMS, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>THE FEDERAL TRADE COMMISSION,<br><br>– and –<br><br>LINA M. KHAN, REBECCA KELLY SLAUGHTER, and ALVARO BEDOYA, in their official capacities as Commissioners of the Federal Trade Commission,<br><br>Defendants. | Case No. 1:23-cv-3562 |

**PLAINTIFF'S [PROPOSED] SURREPLY IN
RESPONSE TO DEFENDANTS' MOTION TO DISMISS**[1]

      Plaintiff Meta Platforms, Inc. ("Meta") respectfully submits this surreply in response to Defendants' Motion to Dismiss (Dkt. 18). In their reply, Defendants (the "Commission" or the "FTC") assert that Meta is not entitled to injunctive relief on its Article II challenge to the Federal Trade Commission Act's ("FTC Act") protection of Commissioners against removal by the President (15 U.S.C. § 41). Instead, the FTC argues, if the Court upholds Meta's challenge, the removal protections "should be severed" from the statute. (Dkt. 22 at 10–11.) That argument, an apparent afterthought in two rounds of briefing,[2] lacks merit.

      The FTC's severance argument disregards the nature of Meta's challenge. As Meta has shown, the post-*Humphrey's Executor* amendments to the FTC Act expanding the Commission's executive authority (e.g., the 1938 amendments authorizing the Commission to modify certain of

---

[1] In quotations, internal quotation marks and citations have been omitted.

[2] *See* Dkt. 23 (Plaintiff's Motion for Leave to File Surreply) at 2.

1

its orders and to seek civil penalties in federal court to enforce its orders, and the 1973 amendments authorizing the Commission to seek injunctive relief in federal court) rendered unconstitutional the protections against removal.  (Dkt. 4-1 at 20–22; Dkt. 20 at 25–27.)  The Commission ignores that where, as here, "Congress add[s] an unconstitutional amendment to a prior law," the Court should "trea[t] the original, pre-amendment statute as the valid expression of the legislative intent," and sever *the amendment*, which "is a nullity and void when enacted." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2353 (2020) (plurality opinion) (quoting *Frost v. Corp. Comm'n of Okla.*, 278 U.S. 515, 526-27) (1929)); *accord Lindenbaum v. Realgy, LLC*, 13 F.4th 524, 528 n.2 (6th Cir. 2021).

Under longstanding Supreme Court law, the subsequent amendment must be severed, and not the removal restrictions that were part of the statute when enacted and that were upheld in *Humphrey's Executor*.  *See* FTC Act, Pub. L. No. 63-203 § 1, 38 Stat. 717, 718 (1914).  Indeed, *Humphrey's Executor* emphasizes that the removal restrictions reflect Congress's intent to elevate the Commission's independence from the President over its exercise of executive authority (and accountability).  *See*, *e.g.*, 295 U.S. 602, 625 (1935) ("[T]he prevailing view [in Congress] was that the Commission was … to be … not subject to the orders of the President."); *id.* at 625-26 (discerning "Congressional intent to create … a body which shall be independent of executive authority, except in its selection") (emphasis omitted).  In these circumstances, severing the removal restrictions—as opposed to the subsequent amendments that rendered them unconstitutional—would "circumvent the intent of the legislature." *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 330 (2006).  Thus, the injunctive relief sought by Meta is warranted because the Constitution displaces the post-*Humphrey's Executor* grants of executive authority rather than the removal restrictions upheld in *Humphrey's Executor*.

The FTC erroneously relies on *Free Enterprise Fund v. PCAOB* in which the Supreme Court severed the provisions of the Sarbanes-Oxley Act of 2002 protecting members of the Public Company Accounting Oversight Board (PCAOB) against removal. *See* 561 U.S. 477, 509 (2010). But those removal protections were enacted *at the same time* as the structural features of the agency that rendered the removal protections unconstitutional. *See id.* at 508–09. Here, in contrast, the challenged removal protections—which were upheld in *Humphrey's Executor*—were rendered unconstitutional by *subsequent* grants of executive authority that were "a nullity and void when enacted." *Barr*, 140 S. Ct. at 2353.

The FTC also cites *Space Exploration Technologies, Corp. v. Bell*, 2023 WL 8885128, at *5 (S.D. Tex. Nov. 8, 2023), but, as in *Free Enterprise*, there was no issue in *SpaceX* regarding subsequent statutory amendments that rendered removal protections unconstitutional. The last case on which the FTC relies, *FTC v. Walmart Inc.*, 2023 WL 2646741, at *26 (N.D. Ill. Mar. 27, 2023), is not persuasive. The decision relies on the presence of a severability clause in the FTC Act, but where, as here, a court is "confronted with two provisions that operate together to violate the Constitution, the text of the severability clause provides no guidance as to *which* provision should be severed." *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2223 (2020) (Thomas, J., concurring in part and dissenting in part). As shown above, fidelity to Congress's intent requires that the subsequent amendments, and not the removal provisions, be severed.[3]

In the end, the FTC cites no case in which any court has severed a provision of Congress's original enactment and maintained the subsequent amendment which caused the

---

[3] The *Walmart* court's contrary conclusion rested on questioning whether *Humphrey's Executor* was correctly decided. *See* 2023 WL 2646741, at *26 ("[T]he *Humphrey's Executor* Court may not have accurately assessed the FTC's executive powers as they existed in 1935."). But it is not within the district court's authority to question *Humphrey's Executor* (and, contrary to the Commission's mischaracterizations elsewhere, Meta does not ask this Court to do so).

3

constitutional defect in the first place.[4]

As a result, the Commission has not negated Meta's showing that it is entitled to injunctive relief on its Article II claim.[5]

---

[4] The Commission appears to be arguing that severability precludes Meta's request for a *preliminary* injunction.  (Dkt. 22 at 3–4 & n.2.)  That argument fails because it is "a question of remedy" which provisions might be severed ultimately.  *Ayotte*, 546 U.S. at 328.  Meta also seeks declaratory relief, so the ultimate severability of any FTC Act provision does not detract from Meta's likely success on its Article II claim or from the irreparable harm from subjecting Meta to structurally unconstitutional agency adjudication in the interim.

[5] The FTC's reply also asserts, for the first time, that Section 5(b) of the FTC Act "authoriz[es] the Commission to modify 'any' FTC administrative order."  (Dkt. 22 at 14-15.)  That issue is currently being contested before the D.C. Circuit in *United States v. Facebook, Inc.*, No. 23-5280 (D.C. Cir.).  The FTC argues that Meta has "no support" for its position that "the Commission can only 'pursue modification of previously issued, litigated cease-and-desist order.'"  (Dkt. 22 at 15 n.4 (quoting Dkt. 20 at 27).)  Meta's statement that Section 5(b) "authorize[s] the Commission to pursue modification of *previously issued, litigated* cease-and-desist orders" was intended solely to avoid any suggestion that Meta has conceded the issue here.  (Dkt. 20 at 27.)  Whether Section 5(b) authorizes the FTC to modify "any" of its orders (as the Commission argues) or only "Commission orders issued on a litigated or stipulated record" (as set forth in 16 C.F.R. § 2.32(c)) is not relevant to this action, which raises only constitutional claims, and, in any event, the question is now properly before the D.C. Circuit.

DATED: January 18, 2024                    Respectfully submitted,

/s/ James P. Rouhandeh

James P. Rouhandeh (DDC Bar No. NY0390)
Michael Scheinkman (DDC Bar No. NY0381)
David B. Toscano (*pro hac vice* forthcoming)
John A. Atchley III (*pro hac vice* forthcoming)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Email: rouhandeh@davispolk.com

Paul J. Nathanson (DDC Bar No. 982269)
DAVIS POLK & WARDWELL LLP
901 15th St., NW
Washington, DC 20005
Tel: (202) 962-7000
Email: paul.nathanson@davispolk.com

*Attorneys for Plaintiff Meta Platforms, Inc.*