# Exhibit 1



U.S. Department of Justice

Office of the Solicitor General

---

The Solicitor General                                                              Washington, D.C. 20530

February 12, 2025

The Honorable Mike Johnson
Speaker
U.S. House of Representatives
Washington, D.C. 20515

     Re: Restrictions on the Removal of Certain Principal Officers of the United States

Dear Mr. Speaker:

     Pursuant to 28 U.S.C. 530D, I am writing to advise you that the Department of Justice has determined that certain for-cause removal provisions that apply to members of multi-member regulatory commissions are unconstitutional and that the Department will no longer defend their constitutionality. Specifically, the Department has determined that the statutory tenure protections for members of the Federal Trade Commission (FTC), 15 U.S.C. 41, for members of the National Labor Relations Board (NLRB), 29 U.S.C. 153(a), and for members of the Consumer Product Safety Commission (CPSC), 15 U.S.C. 2053(a), are unconstitutional.

     In *Myers* v. *United States*, 272 U.S. 52 (1926), the Supreme Court recognized that Article II of the Constitution gives the President an "unrestricted" power of "removing executive officers who had been appointed by him by and with the advice and consent of the Senate." *Id.* at 176. In *Humphrey's Executor* v. *United States*, 295 U.S. 602 (1935), the Supreme Court created an exception to that rule. The Court held that Congress may "forbid the[] removal except for cause" of members of the FTC, on the ground that the FTC exercised merely "quasi-legislative or quasi-judicial powers" and thus could be required to "act in discharge of their duties independently of executive control." *Id.* at 628-629. Statutory tenure protections for the members of a variety of independent agencies, including the FTC, the NLRB, and the CPSC, rely on that exception.

     The Department has concluded that those tenure protections are unconstitutional. The Supreme Court has made clear that the holding of *Humphrey's Executor* embodies a narrow "exception" to the "unrestricted removal power" that the President generally has over principal executive officers and that the exception represents "'the outermost constitutional limit[] of permissible congressional restrictions'" on the President's authority to remove such officers. *Seila Law LLC* v. *Consumer Fin. Protection Bureau*, 591 U.S. 197, 215, 218 (2020) (citation omitted). Further, the Supreme Court has held, the holding of *Humphrey's Executor* applies only to administrative bodies that do not exercise "substantial executive power." *Id.* at 218-219. The Supreme Court has also explained that *Humphrey's Executor* appears to have misapprehended the powers of the "New Deal-era FTC" and misclassified those powers as primarily legislative and judicial. *Id.* at 218.

The exception recognized in *Humphrey's Executor* thus does not fit the principal officers who head the regulatory commissions noted above. As presently constituted, those commissions exercise substantial executive power, including through "promulgat[ing] binding rules" and "unilaterally issu[ing] final decisions * * * in administrative adjudications." *Seila Law*, 591 U.S. at 218-219. An independent agency of that kind has "no basis in history and no place in our constitutional structure." *Id.* at 220; see *id.* at 222 & n.8.

To the extent that *Humphrey's Executor* requires otherwise, the Department intends to urge the Supreme Court to overrule that decision, which prevents the President from adequately supervising principal officers in the Executive Branch who execute the laws on the President's behalf, and which has already been severely eroded by recent Supreme Court decisions. See, *e.g.*, *Selia Law*, 591 U.S. at 223-229; *Free Enter. Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477, 492-494 (2010).

Please let me know if I can be of any further assistance in this matter.

Sincerely,

*Sarah M. Harris*

Sarah M. Harris
Acting Solicitor General