IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| META PLATFORMS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE FEDERAL TRADE COMMISSION,<br><br>– and –<br><br>LINA M. KHAN, REBECCA KELLY SLAUGHTER, and ALVARO BEDOYA, in their official capacities as Commissioners of the Federal Trade Commission,<br><br>Defendants. | Case No. 1:23-cv-03562-RDM |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STAY**

　　　　Plaintiff Meta Platforms, Inc. ("Meta") hereby respectfully moves to stay this action for 90 days, in light of potential developments in two other actions involving the parties—*United States v. Facebook, Inc.*, 19-cv-02184-TJK (D.D.C.), and *Slaughter v. Trump*, 25-cv-00909-LLA (D.D.C.)—that could affect this action. As explained below, *Facebook* has the potential to moot this action, and *Slaughter* has the potential to clarify which Defendants are before the Court in this action and their current legal positions.

　　　　*Facebook*.  In *Facebook*, Meta has asked the Court to enjoin the same FTC proceeding that Meta challenges on constitutional grounds in this action, which, if granted, would moot this action. Indeed, Meta originally brought its constitutional challenges in *Facebook*, and brought them in this separate action only after Judge Kelly ruled that he lacked jurisdiction—a ruling the D.C. Circuit has now reversed.

　　　　In *Facebook*, Meta moved Judge Kelly to exercise the exclusive jurisdiction that he

retained over a stipulated order by enjoining the FTC proceeding, which seeks to modify the attachment to the stipulated order, and Meta also asserted its constitutional challenges to the FTC proceeding. *See* Dkt. 31 at 13. Judge Kelly denied Meta's motion, reasoning that the attachment was not made part of the stipulated order, and that he lacks jurisdiction over the attachment to the stipulated order. *See United States v. Facebook*, 2023 WL 8190858, at *1 (D.D.C. Nov. 27, 2023). Judge Kelly did not address Meta's constitutional challenges, but he previously had explained that if he lacks jurisdiction then Meta would have to file a separate lawsuit raising its constitutional challenges. *See* Dkt. 4-1 at 15–16. Accordingly, Meta filed this separate action.

On May 16, 2025, the D.C. Circuit reversed that judgment, holding that the stipulated order included the attachment and that Judge Kelly retained jurisdiction over both documents. *See United States v. Facebook, Inc.*, 2025 WL 1416349, at *4 (D.C. Cir. May 16, 2025). The D.C. Circuit remanded for further proceedings. *See id.* Meta intends to argue on remand that the D.C. Circuit's holding that the District Court has jurisdiction over the attachment to the stipulated order requires that it enjoin the administrative proceeding in which the FTC seeks to modify the attachment.

*Slaughter*.   In the *Slaughter* action, Alvaro Bedoya and Rebecca K. Slaughter challenge their removal as FTC commissioners, which is the official capacity in which they are named as defendants in this action.

In the *Slaughter* case, the Commission (and the Department of Justice on its behalf) takes the position that Bedoya and Slaughter have lawfully been removed as FTC commissioners. *See*, *e.g.*, *Slaughter*, Dkt. 32-1 at 9–11, 17. In this action, Defendants recently submitted "Defendants' Notice of Change of Position" on their behalf in their official capacities. *See* Dkt. 45.[1]

---

[1] Defendants stated that the Department of Justice (DOJ) "will no longer defend the constitutionality" of the statutory provisions that protect FTC commissioners against at-will removal by the president. Dkt. 45 at 1. In an attachment,

Moreover, the parties have advanced arguments in *Slaughter* that echo Meta's arguments in this action. One month before submitting the notice of change of position to this Court, the FTC (and the DOJ on its behalf) argued in *Slaughter* that, in effect, this Court's March 14, 2024 ruling upholding the constitutionality of the statutory removal provisions for FTC commissioners was wrong. *Id.* at 21–25. Likewise, in *Slaughter*, Bedoya and Slaughter are (as individuals) arguing that, contrary to the arguments made by Defendants (including themselves in their official capacities) here, Meta is, in fact, correct that the FTC Act's removal provisions cannot be severed from the rest of the statute. *See Slaughter*, Dkt. 39 at 35–37. Oral argument on the parties' dispositive cross-motions took place on May 20.

Under these circumstances, further developments in *Slaughter* may clarify which Defendants are before this Court and shed further light on the parties' current positions on issues that overlap the contested issues in this action.

| | |
|---|---|
| DATED: June 10, 2025 | Respectfully submitted, |
| | */s/ James P. Rouhandeh* |
| | James P. Rouhandeh (DDC Bar No. NY0390)<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Tel: (212) 450-4000<br>Email: rouhandeh@davispolk.com |
| | *Counsel for Plaintiff Meta Platforms, Inc.* |

---

the Acting Solicitor General stated that those removal protections are "unconstitutional" and that the DOJ "intends to urge the Supreme Court to overrule" *Humphrey's Executor*. Dkt. 45-1 at 2, 3. Meta already has demonstrated that the government's fallback arguments regarding severability and causation lack merit. *See* Dkt. 20 at 29–30; Dkt. 24 at 1–4.