UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| META PLATFORMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL TRADE COMMISSION, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-03562-RDM <br><br> Judge Randolph D. Moss |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

Defendants oppose Plaintiff's motion to stay this litigation for 90 days. Defendants' renewed motion to dismiss is fully briefed and pending decision. Accordingly, there is no reason that litigation should be stayed for any period.[1]

The procedural history of this case is substantial. Since the Complaint's filing in November 2023, the Court has heard oral argument on and denied Plaintiff's motion for a preliminary injunction, *see* Mem Op. & Order, Dkt. 31, and the parties have completed briefing on both Defendants' original motion to dismiss and their renewed motion to dismiss—which they filed following a brief stay pending the Supreme Court's then-forthcoming decision in *Jarkesy v.*

---

[1] The originally named Defendants included then-Chair of the Federal Trade Commission ("FTC") Lina M. Khan and Commissioners Rebecca K. Slaughter and Alvaro Bedoya, sued in their official capacities. Former Chair Khan resigned in January 2025, and former Commissioners Slaughter and Bedoya were removed by President Donald J. Trump in March 2025. (Former Commissioners Slaughter and Bedoya filed suit on March 27, 2025, seeking to enjoin their removals. *See Slaughter, et al., v. Trump, et al.*, No. 25-cv-00909-LLA (D.D.C.). Former Commissioner Bedoya putatively resigned after summary judgment briefing was completed, and the parties are supplementally briefing the effect of his putative resignation on the district court's jurisdiction over his claims. The action remains pending.) Under Fed. R. Civ. P. 25(d), former Chair Khan and former Commissioners Slaughter and Bedoya are automatically substituted out of this action as parties.

1

*Securities and Exchange Commission*, 603 U.S. 109 (2024). Briefing on the renewed motion to dismiss has been complete since October 18, 2024. *See* Defs.' Reply in Supp. of Defs.' Renewed Mot. to Dismiss, Dkt. 43.

On May 23, 2025, Defendants notified the Court of the United States' change in position as to the constitutionality of the for-cause removal protections applicable to FTC Commissioners, 15 U.S.C. § 41; Defs.' Notice of Change in Position ("Defs.' Notice"), Dkt. 45. But as explained in that notice, Defendants maintain their defenses as to Plaintiff's remaining claims on all other grounds asserted in their pending and renewed motion to dismiss. *See* Defs.' Notice at 1–2.

Despite that fully submitted dispositive-motion briefing, Plaintiff now asks the Court to enter a 90-day stay, citing recent developments in two separate cases—*United States v. Facebook, Inc.*, 19-cv-02184-TJK (D.D.C.), and *Slaughter v. Trump*, 25-cv-00909-LLA (D.D.C.). *See* Pl.'s Mot. to Stay ("Pl.'s Mot.") at 1, Dkt. 46. But in making that request for discretionary relief, Plaintiff makes no attempt to meet its burden of showing any harm "if a stay does not issue[.]" *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019). *See also id.* ("The proponent of a stay bears the burden of establishing its need." (citations omitted)). (Indeed, nowhere in its underlying brief does Plaintiff even explain why a stay of 90 days is appropriate here. *See* Mem. of Points & Auths. in Supp. of Pl.'s Mot. to Stay ("Pl.'s Br."), Dkt. 46-1.) That failure alone provides grounds to deny Plaintiff's stay request.

In fact, there is no persuasive argument that staying this matter would prevent hardship or promote judicial economy. *See Ctr. for Biological Diversity*, 419 F. Supp. 3d at 22 ("The final factor to be considered is whether a stay would promote efficient use of the parties' and the court's resources."). A stay would have no effect on the parties' use of resources at this point, when briefing on Defendants' renewed motion to dismiss has been complete since October 2024, without

2

any request or proposal for additional briefing. All that remains is the Court's forthcoming decision on that motion.

Instead of pointing to any hardship or inequity attributable to continued litigation, Plaintiff suggests that "*Facebook* has the potential to moot this action, and *Slaughter* has the potential to clarify which Defendants are before the Court in this action and their current legal positions." Pl.'s Br. at 1. Neither suggestion, however, warrants a stay.

As to the first argument, Plaintiff indicates with no elaboration that it "intends to argue on remand that the D.C. Circuit's holding" requires Judge Kelly in *Facebook* to "enjoin the administrative proceeding in which the FTC seeks to modify the attachment." Pls.' Br. at 2. But the D.C. Circuit's decision does not compel Judge Kelly to do what Plaintiff suggests: in reversing and remanding the district court's dismissal on jurisdictional grounds, the D.C. Circuit did not opine on the merits of Facebook's underlying motion to enforce the 2020 Stipulated Order and Attachment A. *See United States v. Facebook, Inc.*, 136 F.4th 1129, 1135 (D.C. Cir. 2025) ("Since the district court's dismissal on jurisdictional grounds meant that it never reached the merits, we reverse and remand so that it may consider Facebook's claims in the first instance."). And even if Plaintiff intends to ask the district court in *Facebook* to enjoin the FTC's administrative proceeding against it on constitutional grounds, those are precisely the claims it has raised in this action— which are pending, and fully briefed, before this Court. *See* Complaint ("Compl.") ¶ 17, Dkt. 1 ("While Meta . . . believes the Commission has evaded Judge Kelly's continuing exclusive jurisdiction over the 2020 Order, this Complaint challenges only the structural unconstitutionality of the Commission and the FTC Proceeding against Meta."); Defs.' Renewed Mot. to Dismiss ("Renewed MTD") at 1, Dkt. 38 (seeking dismissal of Plaintiff's due process, Article II, and nondelegation claims). In other words, Plaintiff has not demonstrated that "the [*Facebook*]

proceedings may be persuasive as to certain issues relevant to this Court's" adjudication of Plaintiff's constitutional challenge to the FTC's administrative proceedings. *Hulley Enters. Ltd. v. Russian Fed'n*, 502 F. Supp. 3d 144, 154 (D.D.C. 2020). To the contrary, this Court's resolution of the issues before it would likely assist the *Facebook* proceedings, and possibly even narrow the issues to be briefed and argued on remand.

Likewise, Plaintiff has not shown that district court proceedings on remand in *Facebook* are likely to eliminate its cause of action here or lead to inconsistent rulings, much less before this Court has ruled on Defendants' fully briefed and renewed motion to dismiss. *Cf. id.* at 154–55 (stay was appropriate where international forum's resolution may obviate the district court's jurisdiction, and therefore, the cause of action). *See also SEC v. Deloitte Touche Tohmatsu CPA Ltd.*, 940 F. Supp. 2d 10, 14 (D.D.C. 2013) (denying extension of stay based in part because "the final decisions emanating from both [another district court] and this Court would both be resolved by the same decision-maker, our Court of Appeals"). Indeed, Plaintiff's request to stay these proceedings ignores the resources that this Court has already devoted to resolving this case, including hearing oral argument on the merits of Plaintiff's motion for preliminary injunctive relief, and considering, once before, Defendants' arguments that have now been renewed.

Plaintiff's second argument fares no better. Its suggestion that a stay is warranted because the outcome of *Slaughter* "may clarify which Defendants are before this Court[,]" Pl.'s Br. at 3, is immaterial. Plaintiff's "lawsuit against a government official in his official capacity is an action against the governmental entity of which the official is an agent." *Wilburn v. Robinson*, 480 F.3d 1140, 1148 (D.C. Cir. 2007); *compare* Compl. ¶¶ 20–22 (alleging claims against the individual commissioners in their official, not individual, capacities), *with* Pl.'s Br. at 3 (conceding that Slaughter and Bedoya challenge their removals in *Slaughter* in their individual capacities). *See*

4

*also* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party."). And because named Defendants Slaughter and Bedoya were automatically substituted out of this litigation following their removals from the Commission under Fed. R. Civ. P. 25(d), *see supra* n.1, the eventual outcome of their ongoing litigation challenging their removals will have no say in determining "which Defendants are before this Court[,]" Pl.'s Br. at 3.

Plaintiff also suggests that *Slaughter* might somehow "shed further light on the parties' current positions on issues that overlap[.]" *Id.* That is not persuasive either. *Slaughter* does not implicate a majority of the constitutional claims—due process, nondelegation, Article III, and Seventh Amendment—at issue here. And even as to the overlapping Article II claims, Plaintiff has not suggested that it has changed its position in light of the Government's position in *Slaughter*. *See id.* at 3 n.1 (reiterating their previously submitted argument that "Meta already has demonstrated that the government's fallback arguments regarding severability and causation lack merit" (citing Dkt. 20 at 29–30; Dkt. 24 at 1–4)). Likewise, Defendants have already clarified—consistent with the Government's briefing in *Slaughter*—that they should nonetheless prevail on Plaintiff's Article II claim because (1) properly appointed Commissioners have "the authority to carry out the functions of the office"; (2) Plaintiff has not shown that "the President's inability to fire an agency head *affected the complained-of decision*"; and (3) the remedy to improper removal would only require severance of the offending removal provision. *See* Defs.' Notice at 1–2 (quoting *Collins v. Yellen*, 594 U.S. 220, 258 (2021) and *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 632 (5th Cir. 2022)). Put simply, the Court need not wait to see whether a later-filed case—filed by former Commissioners Slaughter and Bedoya, as plaintiffs in their *individual* capacities—should govern here. The parties' positions on the constitutional issues pending before the Court are clear and have long been fully submitted.

For all of those reasons, the Court should deny Plaintiff's motion to stay this case.

| | |
|---|---|
| Dated: June 20, 2025 | Respectfully submitted,<br><br>BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>CHRISTOPHER HALL<br>Assistant Branch Director<br><br>*/s/ Sarah M. Suwanda*<br>SARAH M. SUWANDA<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L St. N.W.<br>Washington, DC 20005<br>Tel.: (202) 305-3196<br>sarah.m.suwanda@usdoj.gov<br><br>*Counsel for Defendants* |