IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

META PLATFORMS, INC.,

          Plaintiff,

  v.

THE FEDERAL TRADE COMMISSION,

– and –

LINA M. KHAN, REBECCA KELLY
SLAUGHTER, and ALVARO BEDOYA,
in their official capacities as Commissioners
of the Federal Trade Commission,

Defendants.

Case No. 1:23-cv-03562-RDM

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STAY**

      Defendants' opposition amply demonstrates why judicial economy would be advanced by staying this action for 90 days pending developments in the *Facebook* case and the *Slaughter* case, as explained below. Defendants point to no prejudice to them from a stay, much less sufficient prejudice to outweigh the clear efficiencies a stay would produce. In these circumstances, the Court should grant the requested stay.

      Defendants' arguments emphasize four principal reasons for why the stay will preserve the parties' resources and promote judicial efficiency.

      *First*, Defendants themselves admit that the overlap between this action and the first-filed *Facebook* action will, upon remand of *Facebook* from the D.C. Circuit, make the actions "related" cases under this Court's rules. *See* LCvR 40.5(a)(3). The "substantial" procedural history of this case (Dkt. 47 at 1) includes that Meta in *Facebook* explicitly "ask[ed] the district court … to enjoin

the FTC's administrative proceeding against it on constitutional grounds." (Dkt. 47 at 3.) These are "precisely the claims … raised in this action" (*id.*),[1] and necessarily "grow out of the same event or transaction" and "involve common issues of fact" as the claims in this action, so *Facebook* and this action will be "related" as soon as the "earliest" (*Facebook*) is again "pending on the merits." LCvR 40.5(a)(3). The D.C. Circuit has ordered that its mandate will issue on July 7 absent a petition for rehearing, so this key next step will be clarified shortly.

*Second*, Defendants do not dispute that the *Facebook* action has the potential to moot this action if Judge Kelly enjoins the FTC administrative proceeding that is challenged in both actions. In *Facebook*, Meta raises its constitutional challenges in addition to its principal argument that Judge Kelly should enjoin the FTC proceeding because Judge Kelly's retention of jurisdiction over Attachment A—which the D.C. Circuit has now upheld—prevents the agency from modifying Attachment A.[2] Well-established principles of judicial restraint and constitutional avoidance counsel against deciding constitutional issues where, as here, a dispute can be resolved on non-constitutional grounds. *See*, *e.g.*, *Hight v. United States DHS*, 135 F.4th 996, 1011 (D.C. Cir. 2025). Under these circumstances, it is premature to speculate that, as Defendants argue, "this Court's resolution of the [constitutional] issues before it would likely assist the *Facebook* proceedings." (Dkt. 47 at 4.) Further, while Defendants fault Meta for not elaborating here on the arguments that it expects to make before Judge Kelly in *Facebook* on remand (Dkt. 47 at 3),[3]

---

[1] More precisely, Meta raises five structural constitutional challenges to the FTC proceeding here, four of which Meta raised in *Facebook*.

[2] As this Court previously observed, in *Facebook*, "Meta argued that the modification proceedings before the Commission were improper because the district court had exclusive jurisdiction to enforce or to modify the 2020 order. Meta also raised numerous constitutional challenges to the modification proceedings and to the FTC's authority generally." *Meta Platforms, Inc. v. FTC*, 723 F. Supp. 3d 64, 77 (D.D.C. 2024).

[3] Defendants argue that "the D.C. Circuit did not opine on the merits of Facebook's underlying motion to enforce the 2020 Stipulated Order and Attachment A." (Dkt. 47 at 3.) But the Court of Appeals squarely held that Judge

2

*Facebook*—and not this action—is the forum for those arguments. Tellingly, Defendants do not dispute that *Facebook* could moot this action, which weighs in favor of staying this action pending the developments in *Facebook* that are potentially dispositive here.

*Third*, Defendants' argument that a stay would not preserve the parties' resources and advance judicial efficiency erroneously focuses *only* on the single motion presently pending before the Court. Defendants thus ignore the further proceedings that would follow a ruling by this Court on their pending motion to dismiss: litigation before this Court if the motion is denied in any respect, and an appeal if the motion is granted in its entirety. Given that Defendants' argument myopically focuses on the pending motion, there is no dispute that a stay would place on pause—and potentially obviate—the effort and expense of further litigation.

*Finally*, Defendants' arguments confirm that the *Slaughter* case could determine the lineup of defendants before this Court. In particular, Defendants acknowledge that when an official-capacity defendant—such as Defendants Khan, Slaughter, and Bedoya here—"ceases to hold office while the action is pending … [t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d); *see* Dkt. 47 at 1 n.1 & 4. While Khan has been replaced as a defendant[4] and Bedoya no longer is seeking reinstatement, *Slaughter* will determine whether or not Slaughter returns as a defendant.

---

Kelly retained jurisdiction over Attachment A, which is the basis for Meta's principal argument and is, by itself, a sufficient basis to enjoin the FTC proceeding, as Meta will show before Judge Kelly.

[4] Under Rule 25(d), Mark R. Meador was "automatically substituted as a party" when he was sworn in as an FTC Commissioner on April 16, 2025.

DATED:  June 26, 2025                    Respectfully submitted,

*/s/ James P. Rouhandeh*

James P. Rouhandeh (DDC Bar No. NY0390)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Email: rouhandeh@davispolk.com

*Counsel for Plaintiff Meta Platforms, Inc.*